## CLARK *v.* BLEDSAW.

[No. 10,380.   Filed May 11, 1920.]

1.  APPEAL.— *Release.* — *Rescission.* — *Tender.* — *Presumption.*— Where on an application to set aside a settlement made during the pendency of an action and to reinstate the cause, the plaintiff pleads a tender of the amount received and avers that she now pays such sum into court to keep the tender good, whereupon the court reinstated the cause, the presumption in favor of the right ruling having been made by the trial court is not overcome by the fact that there was no order book entry showing payment into court until the day the cause was called for trial.   p. 284.

2.  APPEAL. — *Release.* — *Rescission.* — *Tender.* — *Irregularity.*— *Harmless Error.*—A defendant may not complain on appeal of the irregularity involved in a late payment into court of the amount of a tender made in connection with an application for

the reinstatement of a cause settled out of court, where the amount of the judgment discloses that he was not harmed thereby. p. 284.

3. FRAUD.—*Evidence.*—*Circumstantial Evidence.*—Fraud may be proved by circumstantial evidence as well as by direct evidence. p. 284.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Katie Bledsaw against Frank S. Clark. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bailey & Young, Robinson &. Symmes* and *Virgil Sears,* for appellant.

*Edgar M. Blessing* and *Willson & Willson,* for appellee.

NICHOLS, C. J.—Action by appellee, an old colored woman, against appellant for fraud and, incident thereto, for an accounting growing out of an agency to collect rents for appellee and to pay out the money so collected on appellee's contract for the purchase of the property rented.

The property involved was purchased by appellee on March 3, 1913, for $1,600, $300 of which was paid in cash, and the remaining $1,300 was to be paid $15 per month. The monthly payments were made from the rents until January 26, 1916, when appellee assigned her contract of purchase to appellant, at which time appellant falsely represented to appellee, with intent to defraud her, that such assignment was for security for a small indebtedness owing from appellee to appellant, while in fact the assignment was in form an absolute sale of such contract. Appellee could not, and did not, read the assignment. Appellant later sold the property for $2,000 and, claiming to be the absolute owner of the contract by virtue of the assignment, he refused to account to appellee, and this action resulted. After

the commencement of the action, appellant settled with appellee personally, without the presence of her attorney, for $100 and paid the court costs, and the cause was dismissed. Later, appellee filed her verified petition to reinstate the cause, alleging a fraudulent compromise. Counter affidavits were filed and the court, after due consideration, reinstated the cause. After issues were made, there was a trial by the court, which resulted in a finding for appellee, and a judgment in her favor against appellant for $740.72. After motion for a new trial, which was overruled, this appeal is prosecuted.

Appellant first complains that the court erred in sustaining appellee's motion to set aside the order dismissing the cause before the amount of her alleged settlement contract had been paid into court.

1-2. Appellee's application to set aside the settlement, and to reinstate the cause after showing a tender of the amount of the settlement, says: "Plaintiff now pays said money into court for the purpose of keeping such tender good." On this application, containing this averment, the court reinstated the cause. The presumption is in favor of the right ruling of the court, and such presumption is not overcome by the fact that there was no order-book entry showing such payment into court until the day the cause was called for trial. Even if there was an irregularity in the proceedings in this regard, appellant was not harmed thereby, as clearly appears by the amount of the judgment.

Appellant, arguing the insufficiency of the evidence, emphasizes the familiar rule that fraud is never presumed; but there is no occasion for presuming

3. it in this case. Another familiar rule is that fraud may be proved by circumstantial evidence as well as by direct evidence. 20 Cyc 122. Not only is the judgment of the court sustained by direct evi-

dence, but all the circumstances surrounding the transaction, including the settlement and dismissal of the cause, are under such cloud of fraud as to fully convince the court of its existence.   The trial court clearly reached a right result.   There is no merit in this appeal.

The judgment is affirmed, and ten per cent. damages are assessed in favor of appellee.